# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**ROBERT LEE MILHOUSE,**

       **Plaintiff,**

**v.**                           **Case No. 3:11cv107/WS/CJK**

**HERMAN ATKINS, JR.,**

       **Defendant.**

_____/

## REPORT AND RECOMMENDATION

       Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a "fourth" amended civil rights complaint[1] pursuant to 42 U.S.C. § 1983. (Doc. 16). Upon review of the amended complaint, the court concludes that plaintiff has not presented an actionable claim, and that the complaint should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

       Plaintiff's complaint names one defendant–Escambia County Sheriff's Officer Herman Atkins, Jr. (Doc. 16, p. 2). Plaintiff claims that in 2009 Officer Atkins and

---

[1] Plaintiff has only submitted three civil rights complaints, but his most recent complaint is labeled on the docket as fourth amended complaint. The present complaint was submitted after the undersigned issued an amend order (doc. 15), addressed to plaintiff's "third" amended complaint (doc. 14).

his SWAT team, while executing a search warrant[2] at plaintiff's residence, "used unnecessary force, violence, threats, and verbal and physical abuse." (Doc. 16, p. 5). Defendant Atkins and his SWAT team entered plaintiff's residence without announcing or identifying themselves, "threw plaintiff to the floor, violently and forcedly [sic] handcuffed the plaintiff, threatened the plaintiff with their weapons, and verbally abused the plaintiff." (Doc. 16, p. 5). Plaintiff contends that he did not resist and the amount of force defendant Atkins used was "wholely [sic] unnecessary." (Doc. 16, p. 5). As a result of Officer Atkins' behavior, plaintiff suffered pain, bruising, and mental anguish. (Doc. 16, p. 5).

Plaintiff also alleges that on May 8, 2010, Officer Atkins, while off duty, used plaintiff's neighbor's house to spy on him. (Doc. 16, p. 5). Plaintiff claims that Officer Atkins saw only "plaintiff walking around a vehicle in plaintiff's yard." (Doc. 16, p. 5). Officer Atkins, when seeking an arrest warrant, indicated that plaintiff's neighbor–Lieutenant Debra Fletcher of the University of West Florida Police Department–stated that she personally observed, from the east window of her residence, the plaintiff driving his Ford vehicle onto the adjacent property. (Doc. 16, p. 8). Officer Atkins then confirmed that plaintiff did not possess a valid driver's license at the time he was seen driving the Ford vehicle. (Doc. 16, p. 9). Plaintiff appears to argue that the arrest warrant was insufficient because it was premised entirely on Officer Fletcher's statement. (Doc. 16, p. 5).

On July 8, 2010, Officer Atkins obtained another arrest warrant for the plaintiff based upon another non-moving traffic violation. (Doc. 16, p. 6). In the application for the arrest warrant, Officer Atkins said he personally observed plaintiff driving a

---

[2] Plaintiff previously alleged that Officer Atkins did not have a search warrant. (Doc. 14, p. 5).

Ford vehicle without a license. (Doc. 16, p. 11). Officer Atkins was undercover at the time and therefore could not arrest plaintiff at the moment he observed plaintiff driving without a license. (Doc. 16, p. 12). Officer Atkins later verified that plaintiff's drivers license was "canceled." (Doc. 16, p. 12). Later, defendant Atkins, while serving the arrest warrant with his SWAT team, again used "unnecessary force, violence, and physical and verbal abuse" during plaintiff's arrest.[3] (Doc. 16, p. 6). Specifically, plaintiff was "thrown to the ground" and then "brutally hand-cuffed." According to plaintiff, such force was unnecessary because the arrest was for a "mere traffic violation." Plaintiff posits that defendant used such force because he had a "personal vendetta against the plaintiff." Following the arrest, the defendant did not give plaintiff an opportunity to secure his possessions and as a result, "plaintiff lost his wallet, debit card and the funds associated with it, and his vehicle."[4] (Doc. 16, p. 6).

Plaintiff claims violations of his Fourth Amendment right to be free from unreasonable search and seizure, his "privacy and due process" rights, his right to be free from cruel and unusual punishment, and right to be free from "unnecessary use of force." (Doc. 16, p. 7). As relief, plaintiff requests "$2,500 for money lost due to unsecured and lost debit card, $5,000.00 in punitive damages for defendant's actions," and "all fees and court costs." (Doc. 16, p. 7).

---

[3] Plaintiff also claims that Officer Atkins was "stalking" him. (Doc. 16, p. 6).

[4] Plaintiff includes a credit card statement with his complaint. (Doc. 16, p. 14). The credit card statement shows various withdrawals and deposits into plaintiff's account for August 2010 and June 2012 through July 2012.

DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). A complaint is also subject to dismissal for failure to state a claim when its allegations, on their face, show that an affirmative defense bars recovery on the claim. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215 (2007) (reiterating that principle).

As an initial matter, plaintiff's damages claims are subject to dismissal under *Heck v. Humphrey*, 512 U.S. 477 (1994). Plaintiff takes issue with the validity of the search and arrest warrants, and further claims violations of his due process and privacy rights. In *Heck*, the Supreme Court ruled that a state prisoner cannot bring

a § 1983 damages action directly challenging his confinement until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or otherwise called into question by a federal court's issuance of a writ of habeas corpus. *Id*. at 486-87. Later, in *Edwards v. Balisok*, 520 U.S. 641 (1997), the Supreme Court extended *Heck* to bar § 1983 actions that do not directly challenge confinement, but instead challenge procedures which necessarily imply unlawful confinement. *Id*. at 648

Here, plaintiff's damages claims, if successful, would necessarily imply the invalidity of his convictions for driving with a suspended license and various other related drug offenses. If the warrants at issue were found to be inappropriately obtained or plaintiff's due process rights violated, plaintiff's resulting convictions would necessarily be undermined because the evidence seized and plaintiff's arrest would potentially be inadmissable. Plaintiff's confinement has not been remedied by any of the procedures listed in *Heck.* Plaintiff's damages claims are, thus, not cognizable under § 1983, and should be dismissed.

Nevertheless, out of an abundance of caution the court will set out the additional reasons plaintiff's claims lack merit and are not cognizable under § 1983. First, plaintiff claims the defendant conducted an unlawful search and seizure, yet plaintiff readily admits that the defendant possessed a valid warrant to search his premises and arrest him. Moreover, plaintiff includes with his complaint the affidavits for the specific search and arrest warrants underlying the events in this case. (Doc. 16, pp. 8-13). Because such warrants were validly issued and supported by probable cause, the defendant did not violate plaintiff's Fourth Amendment rights. *See* U.S. CONST. amend. IV; *see also Brigham City, Utah v. Stuart*, 547 U.S. 398, 403 (2006); *Steagald v. U.S.*, 451 U.S. 204, 222 (1981). To the extent plaintiff takes issue

with the sufficiency of the evidence underlying the warrant, a witness statement can be sufficient to establish probable cause. *See Sada v. City of Altamonte Springs*, 434 F. App'x 845, 849 (11th Cir. 2011) (holding that various witnesses' statements were sufficient to establish probable cause); *see also Mckinnie v. Boseman*, CV 109-070, 2011 WL 744650, at *5 (S.D. Ga. Jan. 20, 2011), *Report and Recommendation adopted*, CV 109-070, 2011 WL 740507 (S.D. Ga. Feb. 23, 2011) (noting "witness statements may suffice to establish probable cause"). Here, the witness was not just an ordinary citizen, but also was a fellow law enforcement officer who had direct knowledge of the plaintiff's illegal behavior.

Additionally, plaintiff's claims concerning his loss of property are not cognizable under § 1983. The Supreme Court has held that the negligent deprivation of property does not amount to a constitutional violation actionable under § 1983. *Daniels v. Williams*, 474 U.S. 327, 330, 333 (1986) (holding that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property). The Supreme Court has further held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The State of Florida provides plaintiff with an adequate post-deprivation remedy for the loss of his property. Prisoners may file a tort claim action in state court in order to recover damages for property losses. *See* Fla. Stat. § 768.28 (2011). Because plaintiff has access to an adequate post-deprivation remedy, he cannot state a plausible claim that defendant's action in arresting him and not securing his property violated the Constitution. *See Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) ("We have

recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers.") (quoting *Lindsey v. Storey*, 936 F.2d 554, 561 (11th Cir. 1991); *see also Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) ("[A] state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.") (citing *Hudson*, 468 U.S. at 533)).

Plaintiff has also failed to establish an Eighth Amendment violation for cruel and unusual punishment. Plaintiff seems to be arguing that defendant used excessive force in arresting him and that such excessive force constitutes cruel and unusual punishment. A claim of excessive force that occurs during arrest, however, is properly construed as arising under the Fourth Amendment. *See Hadley v. Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008) ("In an excessive force case arising out of an arrest, whether a constitutional violation occurred is governed by the Fourth Amendment's 'objective reasonableness' standard." (quoting *Brosseau v. Haugen*, 543 U.S. 194, 197 (2004))). The Eleventh Circuit examines several factors "in determining whether an officer's use of force was objectively reasonable, including '(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically.'" *Hadley*, 526 F.3d at 1329 (quoting *Slicker v. Jackson*, 215 F.3d 1225, 1233 (11th Cir. 2000)). Plaintiff has plead no actual substantive physical injury resulting from defendant's conduct; instead, plaintiff asserts only that defendant and his SWAT team used "unnecessary force, violence, threats, and verbal and physical abuse" and as a result he "suffered

pain and brusing [sic] and mental anguish." Plaintiff specifies that he was thrown to floor and "forcedly [sic] handcuffed." Defendant's use of force was directly related to detaining and restraining the plaintiff while executing a valid search warrant of plaintiff's premises.[5] Moreover, this court cannot overlook plaintiff's "third" amended complaint in which he does not allege physical injury and instead alleges only that defendant and his SWAT team "point[ed] their guns" and "forc[ed] plaintiff [onto] the floor – all the time using profanity." (Doc. 14, p. 5). In his "third" amended complaint, plaintiff faults the defendant for failing to knock and identify himself prior to executing the search warrant, forcing plaintiff onto the ground which caused his clothes to be covered in dirt and dust, and for the loss of his personal property stemming from defendant's actions.[6] Allegations of physical injury or abuse are notably absent. Given the foregoing considerations, plaintiff has not put forward facts demonstrating a violation of his Eighth or Fourth Amendment rights.

Finally, plaintiff has been repeatedly warned that his claim for monetary damages is prohibited by 42 U.S.C. § 1997e(e). (Docs. 12, 15). The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Addressing the implications of § 1997e(e), the Eleventh Circuit has concluded: "the phrase 'Federal civil action' means all federal

---

[5] Review of plaintiff's criminal history shows multiple convictions for possession and distribution of various controlled substances.

[6] In fact, plaintiff indicates in his "third" amended complaint that the cruel and unusual punishment he takes issue with is based off of his incarceration, the verbal abuse he suffered, "the loss of his rights as a U.S. citizen, and health problems . . . ." (Doc. 14, p. 6).

claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002) (citing *Harris v. Garner*, 216 F.3d 970, 984-85 (11th Cir. 2000) (en banc)). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of plaintiff's complaint that he filed this lawsuit, and obtained *in forma pauperis* status, while imprisoned. Plaintiff was in custody when the alleged injuries occurred. *See Napier*, 314 F.3d at 532-33 (arrest sufficient for custody under the PLRA). Plaintiff's damages claims are based on the emotional distress and possible property loss he suffered as a result of the alleged unconstitutional violations; however, the complaint alleges only *de minimis* physical injury resulting from the alleged constitutional violations. Therefore, plaintiff is prohibited under the PLRA from bringing his damages claims. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal of claims for compensatory and punitive damages as barred by § 1997e(e)); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury). Plaintiff has continued to ignore this court's admonitions concerning his inability to recover monetary damages for his alleged injuries.

Accordingly, it is respectfully RECOMMENDED

1. That plaintiff's claims be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

DONE AND ORDERED this 8th day of October, 2013.

/s/ *Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**